IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VIRGINIA BLANSETT,**

    Plaintiff,

v.                                                                          No. CIV 00-0067 BB/LCS

**OTERO COUNTY DETENTION CENTER,**
**OTERO COUNTY BOARD OF**
**COMMISSIONERS, and OTERO COUNTY,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' *Motion to Dismiss* filed April 10, 2000 (Doc. 11).  The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities.  The Court finds that Defendants' argument is well taken and, therefore, GRANTS Defendants' Motion to Dismiss.

## I.  BACKGROUND

On January 14, 2000, Defendants removed Plaintiff's complaint, *Complaint For Employment Discrimination on the Basis of Race and Gender Harassment And Prima Facie Tort* (Doc. 1), from state court to federal court.  Plaintiff alleged Defendants violated her rights by refusing to promote her because she is white and a woman.  In Counts I and II Plaintiff alleged discrimination on the basis of race and gender in violation of Title VII.  In Counts IV and V Plaintiff alleged violations of prima facie tort and harassment under New Mexico law.[1]

---

[1] The Court notes Counts IV and V should be, if sequentially numbered, Counts III and IV.  Nonetheless, this Memorandum Opinion will refer to the counts as Plaintiff does.

In the motion currently before the Court, Defendants argue Counts IV and V should be dismissed because there is no waiver of Defendants' sovereign immunity under the New Mexico Tort Claims Act for Plaintiff's state tort claims.

## II.  DISCUSSION

### A.  Legal Standard

Defendants argue Plaintiff's tort claims should be dismissed for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6).  Although a motion to dismiss based on sovereign immunity grounds is more accurately considered under a lack of subject matter jurisdiction rather than a failure to state a claim,[2] the Tenth Circuit has held that when a court's "subject matter jurisdiction is dependent upon the same statute that provides the substantive claim in the case, the jurisdictional question is necessarily intertwined with the merits . . . Under our precedent, such 'intertwined' jurisdictional questions should be resolved" under Fed. R. Civ. Proc. 12(b)(6).  United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 (10th Cir.1996) (citations omitted).  Here, the Court's subject matter jurisdiction and the substantive claim in the case both derive from the New Mexico Tort Claims Act.  ("NMTCA") NMSA 1978, §§ 41-4-1 through 41-4-27.  The Court, therefore, will consider Defendants' motion as a motion for failure to state a claim.

Under Fed. R. Civ. Proc. 12(b)(6), dismissal is appropriate when, "accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff," it appears "the plaintiff can prove no set of facts in support of the claims that would

---

[2]Fed. R. Civ. Proc. 12(b)(1) allows a court to dismiss for lack of subject matter jurisdiction.  See Shoultes v. Szekely, 654 F.Supp. 966, 967 (W.D. Mich. 1987) ("the Court is of the opinion that the defense of sovereign immunity implicates the subject matter jurisdiction of the court.").

entitle him to relief." Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997). The Court evaluates Defendants' motion to dismiss counts IV and V under this standard.

### B. New Mexico Tort Claims Act

The NMTCA delineates the limitations on the tort liability of governmental entities and public employees. The NMTCA explains the public policy of New Mexico is "that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act," and further provides that governmental entities and public employees, while acting within the scope of their duties, are immune from liability from any tort except as waived by other sections of the Act.[3] NMSA 1978, §§ 41-4-2, 41-4-4. Plaintiff alleges in her state law claims that Defendants harassed her and committed a prima facie tort against her.[4] Defendants maintain these two claims should be dismissed because there has been no waiver of their sovereign immunity in the NMTCA.

Inasmuch as the NMTCA specifically enumerates the available tort causes of action against governmental entities and public employees, "[c]onsent to be sued may not be implied." Pemberton v. Cordova, 734 P.2d 254, 256 (N.M. Ct. App. 1987). Instead, a plaintiff's cause of action against governmental defendants must fall under one of the exceptions to the immunity

---

[3]There are eight areas for which immunity is waived: § 41-4-5 (waiver of immunity for negligence of public employees acting within scope of employment in operation or maintenance of any motor vehicle, aircraft or watercraft); §41-4-6 (operation or maintenance of buildings, public parks, machines, or equipment); § 41-4-7 (operation of airports); § 41-4-8 (operation of certain public utilities); § 41-4-9 (operation of medical facilities); § 41-4-10 (negligence by health care providers); § 41-4-11 (construction or maintenance of highways and streets); § 41-4-12 (deprivation of rights by law enforcement officers).

[4]Although Plaintiff's complaint does not specify the New Mexico statute providing a cause of action for her suits, the Court finds she grounds her claims in the NMTCA for two reasons. First, in Plaintiff's *Response Brief*, she explains "Plaintiff's claim may fall under N.M.S.A. § 41-4-5 . . ." Second, as expressly stated by the statute, the NMTCA is the exclusive means for pursuing tort liability against a governmental entity. N.M.S.A. § 41-4-4.

granted and "[i]f no specific waiver of immunity can be found in the Tort Claims Act . . . plaintiffs' complaint may not be maintained." Id. (citations omitted).  In the case at bar, then, Plaintiff's causes of action must fall within one of the exceptions to the statutory grant of immunity, or the causes of action should be dismissed for failure to state a claim.

### 1. Prima Facie Tort

Plaintiff's first state law claim is that Defendants committed a prima facie tort against her. Defendants argue there is no waiver of their immunity for this tort in the NMTCA.  New Mexico recognizes prima facie tort and breaks it down into four elements: (1) an intentional, lawful act by defendant; (2) an intent to injure the plaintiff; (3) injury to plaintiff; and (4) the absence or insufficiency of justification for the defendant's acts.  Schmitz v. Smentowski, 785 P.2d 726, 734 (N.M. 1990).

Although, in general, prima facie tort is available as a recognized cause of action in New Mexico, it is not one of the enumerated torts for which the NMTCA waives immunity.  *See* NMSA 1978, §§ 41-4-5 through 41-4-12.  Additionally, prima facie tort has been explicitly rejected as a claim that can be brought against governmental defendants protected by sovereign immunity under the NMTCA.  *See* Silva v. Town of Springer, 912 P.2d 304, 311 (N.M. Ct. App. 1996).  After consideration of the claim, then, the Court concludes Plaintiff's allegation of a prima facie tort fails to state a claim upon which relief can be granted, because there is no waiver of Defendants' sovereign immunity.

The Court, furthermore, finds no merit in Plaintiff's arguments against dismissal for failure to state a claim.  Plaintiff first argues that under Fed. R. Civ. P. 8(a) a plaintiff must only give a "short and plain statement of the claim," and that there is "'a powerful presumption against

rejecting pleadings for failure to state a claim.'"  Doc. 14, at 1 (citing Gilligan v. Jamco Development Corp., 108 F.3d 246, 248-49 (9th Cir. 1997)).  While accepting these assertions as true, the Court nonetheless finds neither one affords Plaintiff relief from Defendants' argument.  It is true under Fed. R. Civ. P. 8(a) Plaintiff need only give a short and plain statement of the claim showing she is entitled to relief, however, Rule 8(a) also provides that a plaintiff must provide "a short and plain statement of the grounds upon which the court's jurisdiction depends."  In this case, Defendants are governmental defendants entitled to sovereign immunity from state tort claims.  Plaintiffs factual allegations fail to state a claim upon which relief can be granted because they fail to demonstrate either Defendants' consent to suit or a waiver of Defendants' immunity.[5]

Plaintiff finally argues that the prima facie tort claim does fall within one of the NMTCA's exceptions to a governmental defendants' sovereign immunity – Plaintiff explains that the claim "may fall under NMSA 1978, § 41-4-5."[6]  Doc. 14, at 2.  Although Plaintiff cites to NMSA 1978, § 41-4-5 as the section dealing with operation and maintenance of a building, NMSA 1978, § 41-4-6 is the section that actually addresses the operation and maintenance of a building.  § 41-4-6 provides that sovereign immunity for governmental defendants is waived for:

> liability for damages resulting from bodily injury, wrongful death or
> property damage caused by the negligence of public employees

---

[5]*See, e.g.,* Fuller v. Rich, 925 F. Supp. 459, 461 (N.D. Tex. 1995) (Court finds that it is well established that the United States may not be sued without its consent, so "the doctrine of sovereign immunity prevents the court from exercising jurisdiction over claims against the United States or its agents without its/their consent, Rule 8 in this context requires the plaintiff to allege specifically the facts that would show such consent or a waiver of immunity."); *See also* Lucero v. Salazar, 877 P.2d 1106 (N.M. Ct. App. 1994) (court affirmed dismissal for failure to state a claim because there was no waiver of immunity under NMTCA; Noriega v. Stahmann Farms Inc., 827 P. 2d. 156, 159 (N.M. Ct. App. 1992) ("[w]ithout a waiver of immunity pursuant to [provisions of NMTCA] in this case, the allegations in the complaint were insufficient to state a claim upon which relief could be granted.")

[6]The Court notes that while Plaintiff stated her "claim" may fall under § 41-4-5, the Court presumes Plaintiff intended this argument to cover both her prima facie tort and harassment claims.

>while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

NMSA 1978. The Court finds no merit in Plaintiff's argument. In <u>Bober v. New Mexico State Fair</u>, 808 P.2d 614, 623 (N.M. 1991), the New Mexico Supreme Court explained that while § 41-4-6 is not limited to injuries caused by physical defects on the property, it affirmed that § 41-4-6 is essentially "a premises liability statute." (internal quotations omitted).[7] The purpose of § 41-4-6, then, is to provide a waiver of immunity when a plaintiff has suffered a physical injury or property damage as a result of negligent operation or maintenance of property.

Plaintiff's argument that her prima facie tort claim falls under §41-4-6 fails. First of all, she makes no claim she suffered any physical injury – she alleges she suffered a prima facie tort as a result of Defendants' actions – and no claim she suffered property damage. Second, although she argues in her *Response Brief* that Defendants were negligent in their operation of the Detention Center, she provides no facts or allegations, and raises no claims in her complaint that Defendants negligently operated the physical property of the Detention Center. Instead, Plaintiff asserts for the first time in her *Response Brief* that Defendants were negligent in their operation of the Detention Center and justifies this claim by attacking Defendants' personnel decisions and the general interactions between Plaintiff and Defendants. Unfortunately for Plaintiff, even assuming all her allegations regarding Defendants' employment decisions and office actions are true, they do not say anything about Defendants' operation of the Detention Center. Moreover, although

---

[7]The <u>Bober</u> court explained that § 41-4-6 also "contemplate[s] waiver of immunity where due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government." 808 P.2d at 623 (citing <u>Castillo v. County of Santa Fe</u>, 755 P.2d 48, 49 (1988)).

equally irrelevant legally, Plaintiff does not even allege the prima facie tort took place within the Detention Center.

For these reasons the Court rejects Plaintiff's argument that there has been a waiver of sovereign immunity and dismisses the prima facie tort for failure to state a claim.

### 2.  Harassment

Plaintiff's second state law claim is that Defendants unlawfully harassed her. Defendants again argue there is no waiver of their sovereign immunity under the NMTCA. The Court notes that it is not entirely clear what legal action Plaintiff actually intends to raise in her harassment claim. Plaintiff alleges County Commissioner Rardin did the following: (a) put pressure on Plaintiff to hire certain individuals; (b) often made negative comments about Plaintiff's work performance to other employees of the Detention Center; and (c) tried to dictate how Plaintiff should perform her duties. Doc. 1, at 4. Plaintiff also claims Defendants denied her a promotion because she is white and a woman. Doc. 1, at 2. Finally, in Plaintiff's discussion of her harassment claim in her *Response Brief*, she discusses the discrimination she faced as woman in position of authority. Doc. 14, at 2.

Regardless of the label of Plaintiff's asserted claim, the Court finds it fails for lack of a waiver of Defendants' sovereign immunity. While it is disputable whether Plaintiff's often conclusory allegations sufficiently present a conceivable cause of action against any defendant, it is clear these allegations do not present a cognizable claim against governmental defendants under the NMTCA.[8] The NMTCA provides no waiver of Defendants' sovereign immunity for the claim

---

[8] The Court noted in footnote three that it determined Plaintiff based her claims on the NMTCA. Although altogether absent from Plaintiff's Complaint, the Court notes that under a liberal reading of the allegations, Plaintiff theoretically might have raised a claim under the New Mexico Human Rights Act

of gender harassment or discrimination. NMSA 1978, §§ 41-4-5 through 41-4-12. *See also*, Ramer v. Place-Gallegos, 881 P.2d 723, 726 (N.M. Ct. App. 1994) (sexual harassment is "not among the enumerated torts for which immunity is waived.")

Again, Plaintiff presents no argument which persuades the Court to reach a different conclusion. Plaintiff's argument – that she need only give a short and plain statement of her claim showing she is entitled to relief – fails because, as there is no waiver of sovereign immunity in the NMTCA for gender harassment or gender discrimination, she has not stated a claim upon which relief can be granted. Furthermore, for the same reasons discussed in the section above, the Court rejects Plaintiff's argument that her gender harassment/discrimination claim falls under the waiver of sovereign immunity in § 41-4-6. The gender harassment/discrimination that Plaintiff alleges did not result in any physical injury to her, and has absolutely nothing to do with the building or property of the Detention Center.

As the Court finds Plaintiff's harassment claim does not fall under the exception to sovereign immunity in § 41-4-6 of the NMTCA, and Plaintiff suggests none of the other enumerated exceptions, the Court dismisses Plaintiff's harassment claim for failure to state a claim upon which relief can be granted.

---

("NMHRA"). The NMHRA provides that it is an unlawful discriminatory practice for an employer to discriminate on the basis of race or sex. *See* NMSA 1978, § 28-1-7. The NMHRA provides its own waiver of sovereign immunity which the New Mexico Supreme Court has held is not inconsistent with the exclusivity provisions of the NMTCA. *See* Luboyeski v. Hill, 872 P.2d 353, 356-58 (N.M. 1994) ("we hold that sovereign immunity has been waived by the Human Rights Act to the extent needed to permit recovery under the Act against the state and its political subdivisions."). Nonetheless, the Court does not consider the possibility of a claim under the NMHRA because the record provides no evidence Plaintiff fulfilled the procedural requirements of the NMHRA or exhausted his administrative remedies as required by the statute. *See* Mitchell-Carr v. McLendon, 980 P.2d 65 (N.M. 1999).

### III.  CONCLUSION

For the reasons stated above, the Court finds there is no waiver of Defendants' sovereign immunity for Plaintiff's state law claims of prima facie tort or harassment.  The Court, therefore, GRANTS Defendants' *Motion to Dismiss* (Doc. 11) claims IV and V, and hereby orders that Plaintiff's claims IV and V are DISMISSED.

Dated at Albuquerque this 21st day of July, 2000.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
Donald Sears, Jr.
820 Second St., N.W.
Albuquerque, New Mexico 87102

**For Defendants**
Kevin M. Brown
Brian A. Thomas
3909 Juan Tabo, N.E. # 2
Albuquerque, New Mexico 87111