IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VIRGINIA A. BLANSETT,

        Plaintiff,

v.   No. CIV 00-0067 BB/LCS

OTERO COUNTY DETENTION CENTER,
OTERO COUNTY BOARD OF
COMMISSIONERS, and OTERO COUNTY,

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court for consideration of Defendants' motion for summary judgment (Doc. 23). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be granted and this case dismissed.

Plaintiff is an employee of the Otero County Detention Center. This case arises out of the County's refusal, until mid-1999, to appoint her as Assistant Administrator of the detention center. Plaintiff maintains the County's refusal was motivated by gender bias. Defendants disagree, and have filed this motion for summary judgment.

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury

could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendants' motion in light of these standards.

**Chronology of Events**

The current Administrator of the detention center is Mr. Vick Jenkins. In early 1997, Jenkins was promoted from Assistant Administrator to Administrator. Defendants maintain that Jenkins then requested that the County eliminate the Assistant Administrator position from the detention center's 1997-98 budget, because he wished to evaluate several candidates for the position. However, in an April 17, 1997 memorandum to the County, Jenkins requested that the Assistant position be filled and that a Lieutenant position also be staffed. Therefore, there is a question of fact as to whether the County eliminated the Assistant position over Jenkins' objections or pursuant to his request. In any event, the 1997-98 budget did not provide for an Assistant Administrator position, and the 1998-99 budget similarly contained no such position. During 1998, a number of promotion requests made by employees in other departments were considered by the County Commissioners. Although there is no evidence in the record as to whether these requests were granted, the Court will assume they were. Pursuant to these requests, a total of three women and four men received promotions.

After Jenkins was made Administrator, Plaintiff began performing the duties of an Assistant Administrator, and a male sergeant named Randall Bookout began performing the duties of a Lieutenant, according to a December 8, 1998 memorandum written by Jenkins. Plaintiff formally requested a promotion to Assistant Administrator on in November 1998. In response to that request, Jenkins asked the Commission to make Plaintiff Assistant Administrator and to make Bookout a

Lieutenant. This request was refused. In February 1999, Jenkins again submitted the same request to the Commission, pointing out that funds were available in the detention center's budget to cover the increased salaries Plaintiff and Bookout would receive. Again, this request was denied. Meanwhile, a woman in the Assessor's office received a promotion and salary increase in January 1999, and a man in the Road Department received a promotion and salary increase, also in January of 1999.

Plaintiff and Bookout were finally promoted to newly-reinstated positions as Assistant Administrator and Lieutenant in the 1999-2000 budget year, some time after July 1, 1999. However, for the 1999-2000 budget, the Commission had established a new pay scale. Plaintiff, as well as twelve other employees promoted under the new pay scale, received only a $1500 increase in salary, as opposed to the $3,000 or more she would have received had she been promoted while the old scale remained in effect. During her deposition, Plaintiff testified that Commissioner Rardin had discriminated against her and harassed her, but that no other County personnel had done so. Furthermore, Plaintiff stated in her November 1998 letter requesting promotion that she had "heard it [the refusal to reinstate the Assistant position] is because of budget restraints, the fact that I am a female and I would never be considered for that position, and also that a commissioner stated as long as I was related to John Blansett he would not consider approving me for that position."

Finally, there is evidence that one Commissioner, Rardin, responded to Jenkins' request that Plaintiff and Bookout be promoted by suggesting that there be two lieutenants instead. Plaintiff testified that Rardin had retaliated against her because she did not play his hiring games. She also

3

testified that he had appeared at the detention center on three occasions and made unspecified comments while he was there.[1]

**Analysis**

This failure-to-promote claim is unlike many promotion claims, because no other candidate was promoted over Plaintiff. Defendants simply refused to reinstate the Assistant position after it was eliminated from the 1997-98 budget. Therefore, an altered test must be applied to determine whether summary judgment is appropriate. *See Cones v. Shalala*, 199 F.3d 512, 517 (D.C. Cir. 2000) (traditional *McDonnell Douglas* test does not fit when an employee is denied an increase in pay or grade). Normally, to establish a prima facie showing under the altered test, an employee would be required to show she was qualified for the wage increase or promotion and a similarly-situated male received a wage increase or promotion under similar circumstances. *See id.* Plaintiff obviously cannot meet that test in this case, because no one, let alone a similarly-situated male, was hired to be Assistant Administrator. In fact, Plaintiff presented no evidence indicating that any male in the detention center received a promotion during the time in question. While she did present evidence that County employees outside her department received promotions, that evidence does not assist her in making her prima facie showing because those employees were not similarly situated to her, for two reasons. First, employees from other departments are not considered to be similarly situated for purposes of discrimination analysis. *See Furr v. Seagate Technology, Inc.*, 82 F.3d 980, 988 (10th Cir. 1996). Second, there was evidence that these other employees were promoted into existing, vacant positions, and they are therefore not in the same position as Plaintiff, who was requesting that an eliminated position be reinstated. *See Gilyard v. South Carolina Dep't of Youth Services*, 667

---

[1] The Court has been unable to discern the nature of these comments, because the portions of the deposition that might elucidate that issue were not attached to any party's brief.

F.Supp. 266, 269 (D.S.C. 1985) (prima facie case not made where position eliminated, and there was no open position for which plaintiff could apply). The Court must hold, therefore, that Plaintiff has not established a prima facie case of gender discrimination under any version of the *McDonnell Douglas* test.

Despite the above holding, Defendants are not automatically entitled to summary judgment. This case has several unique aspects that require further consideration. First, there is the fact of the elimination of the Assistant position even though Jenkins requested the position in his April 17, 1997 memorandum. It therefore appears there was a need for such a position in the detention center management structure. Second, the field of corrections is traditionally a male-dominated field of employment, and it is not unreasonable to recognize that some persons might be reluctant to place a female in a management position at a detention center. Those persons might prefer to leave the position unfilled, if it appears a woman is in line for the job. The Court will therefore look beyond the traditional *McDonnell Douglas* tests and examine the totality of the circumstances, to determine whether a genuine issue of fact has been raised requiring a trial in this case.

Based on the facts outlined above, Plaintiff has clearly raised genuine issues of fact concerning three issues: first, whether the position was eliminated at Jenkins' request or on Defendants' own initiative; second, whether budget problems were indeed the reason for Defendants' refusal to reinstate the Assistant position; and third, whether Commissioner Rardin had a personal animus toward Plaintiff and, if so, whether he acted on that animus by stalling the efforts to reinstate the position. In sum, Plaintiff has raised a genuine issue of material fact as to whether Defendants' explanations for their refusal to reinstate the Assistant position were pretextual. According to Plaintiff, that fact dispute concerning pretext is sufficient to overcome Defendants' motion for summary judgment. The Court disagrees.

A Title VII case such as this one is not an avenue by which to reexamine organizational decisions made by employers, or to redress ordinary grievances that arise from unfair treatment by supervisors.  Instead, Title VII is intended to prevent and to punish acts of intentional discrimination on the basis of sex, race, religion, etc.  Therefore, it is not sufficient to simply show that an employer's proffered reasons for its action may be a pretext.  Instead, a Title VII plaintiff must show the proffered reasons were a pretext *for discrimination*.  *See Cones*, 199 F.3d at 519; *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1289 (D.C.Cir. 1998); *Miller v. State of Illinois*, 681 F.Supp. 538, 544 (N.D.Ill. 1988).  It is usually sufficient to make a prima facie showing of discrimination, and then to raise an issue of fact that the employer's proffered reason for its action is pretextual, to raise a triable question as to discriminatory intent.  *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2108-09 (2000); *Aka*.  However, in this case, as discussed above, Plaintiff has not made out a prima facie case of discrimination.

As noted above, there is a clear issue as to whether Commissioner Rardin sabotaged Plaintiff's efforts to become Assistant Administrator, out of animus toward Plaintiff.  This is not the same question as whether there is any evidence that Rardin acted because Plaintiff is a woman.  If Rardin acted out of personal animus toward Plaintiff, rather than out of gender bias, Plaintiff has no claim of gender discrimination under Title VII.  *See Miller*, 681 F.Supp. at 544 (litigant must show discrimination, not just personal animus).  The evidence submitted by Plaintiff on this question is insufficient to allow an inference of gender discrimination.  First, she submitted evidence that other employees outside her department were receiving promotions and pay raises.  However, this evidence is unhelpful because an approximately equal number of women and men received the promotions, and there was therefore no evidence of unequal treatment of women employed by the County.

Furthermore, the evidence is unhelpful because it concerns employees not similarly situated to Plaintiff.

More significant is the evidence concerning Plaintiff's own department. Starting in 1997, with Jenkins' memo requesting an Assistant and a Lieutenant, Plaintiff's promotion was tied to the promotion of Bookout, a male, from Sergeant to Lieutenant. Each time the request to reinstate the Assistant position was rejected, the request to make Bookout a Lieutenant was also rejected.[2] Therefore, Plaintiff was treated in exactly the same manner as Bookout, a male in her department-- both were doing the work of a higher position, but neither received a promotion to that respective position until 1999, after the new pay scale went into effect.

Even Plaintiff's November 1998 letter formally requesting the promotion is insufficient to raise a question of fact as to discriminatory motive, were the Court to consider the contents of that letter.[3] As noted above, the letter indicates Plaintiff had heard the County's refusal to reinstate the position was due to budget constraints, or to the fact that she was a female, or to the fact that one Commissioner (presumably Rardin) was hostile toward her because she was related to John Blansett. Aside from the fact that these possibilities are based on hearsay and rank speculation by Plaintiff, which cannot constitute evidence of discrimination,[4] two out of the three possibilities suggested by

---

[2] The Court notes there is no documentary evidence concerning the rejection of the promotion requests for Bookout. However, the fact of rejection can be inferred from the fact that Jenkins continued to request these promotions for both Plaintiff and Bookout in his December 1998 and February 1999 memoranda.

[3] The letter is based on hearsay, rather than personal knowledge, and therefore most of its contents could not be used to defeat summary judgment in any event. *See Dotson v. Electro-Wire Products, Inc.*, 890 F.Supp. 982, 992 (D.Kan. 1995).

[4] *See Kendrick v. Penske Transp. Svs., Inc.*, 220 F.3d 1220, 1232, fn. 11 (10th Cir. 2000) (employee's subjective belief is insufficient to create genuine issue of fact concerning discriminatory motive).

7

Plaintiff have nothing to do with prohibited gender bias. Instead, they are based on a perfectly legal reason, the budget constraints, and a reason based on personal animus rather than gender bias. The situation might be different if Plaintiff herself had heard Commissioner Rardin state that he would never consider a female for such a position at the detention center, but that is not the evidence before the Court. In fact, Plaintiff herself testified that Rardin retaliated against her because she would not play his hiring games. This is an example of personal animus, not discrimination on the basis of gender.

In sum, while Plaintiff has created an issue of fact as to whether she personally was treated badly by Commissioner Rardin, she has failed to introduce any admissible evidence, as opposed to speculation, tending to show that his actions were based on the fact that she is a woman. Therefore, summary judgment must be granted to Defendants.

**Conclusion**

Based on the foregoing, the Court will grant Defendants' motion for summary judgment, and this case will be dismissed.

Dated this 17th day of January, 2001.

_____
BRUCE D. BLACK
United States District Judge


**ATTORNEYS**:

**For Plaintiff**:
Donald Sears, Jr.
2727 San Pedro N.E., Suite 119
Albuquerque, New Mexico 87110

**For Defendants**:

Kevin M. Brown
3909 Juan Tabo N.E., Suite 2
Albuquerque, New Mexico 87111